1  Emma Gillespie, WSBA No. 33255
   Kelsey Norman, WSBA No. 50325
2  PREG O'DONNELL & GILLETT PLLC
   401 Union Street, Suite 1900
3  Seattle, WA  98101-2668
   P: (206) 287-1775
4  F: (206) 287-9113
   E: egillespie@pregodonnell.com
5     knorman@pregodonnell.com
   Attorneys for Defendants

6

7

8                    UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF WASHINGTON

10
    LE'TAXIONE NFN, an individual and        NO.  2:25-cv-00452
11  LE'TAXIONE NFN, on behalf of M.S., a
    minor,                                   AMENDED ANSWER TO COMPLAINT
12
                            Plaintiff(s),
13
            v.
14
    KATIE CHRISTOPHERSON, individually and
15  in her official capacity acting under color of
    State law; TAYLOR HENNESSEY,
16  individually and in his official capacity acting
    under color of State law; and DAWN VIDONI,
17  individually and in her official capacity acting
    under color of State law,
18
                            Defendant(s).
19

20         Defendants  Katie  Christopherson  ("Defendant  Christopherson"),

21  Taylor Hennessy ("Defendant Hennessy"), and Dawn Vidoni ("Defendant

22  Vidoni") (collectively "the Defendants"), by and through their undersigned

23  counsel of record, submit their Amended Answer and Affirmative Defenses

24

25

AMENDED  ANSWER  TO COMPLAINT - 1
10850-0059  6151292
NO.  2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1

2

3

to Plaintiff Le'Taxione NFN's and Plaintiff M.S.'s ("Plaintiffs") Complaint for Civil Rights Violations and Damages ("Complaint").  Any allegations not specifically admitted herein are denied.

4

5

## I.    INTRODUCTION

6

7

1.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

8

9

10

2.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph and therefore deny the same.

11

12

13

3.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

14

15

4.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

16

17

18

5.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

19

20

21

6.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

22

7.    Denied.

23

8.    Denied.

24

25

AMENDED ANSWER TO COMPLAINT - 2
10850-0059  6151292
NO.  2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

9.      This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

10.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

11.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

12.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

13.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

14.     This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

## II.      PARTIES

15.     Defendants lack sufficient information to form a belief as to the veracity of the allegation in this paragraph, and therefore deny the same.

16.     Defendants lack sufficient information to form a belief as to the veracity of the allegation in this paragraph, and therefore deny the same.

AMENDED ANSWER TO COMPLAINT - 3
10850-0059  6151292
NO.  2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

17.    The allegation in this paragraph is not directed at Defendants, and therefore no response is required.  To the extent that a response is required, Defendants deny the same.

18.    Admitted to the extent that Defendant Hennessey was an Assistant Attorney General in the Spokane Office's Social and Health Services Section from October 1, 2018 to January 18, 2022. Admitted also to the extent that Defendant Hennessey is a resident of the State of Washington.  To the extent this paragraph contains further allegations, those allegations are denied.

19.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

20.    Admitted to the extent that Defendant Christopherson is a current AAG for the State of Washington.  Admitted also to the extent that Defendant Christopherson is a resident of the State of Washington.  To the extent that this paragraph contains further allegations, those allegations are denied.

21.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

22.    Admitted to the extent that Defendant Vidoni is a current AAG for the State of Washington.  Admitted also to the extent that Defendant Vidoni

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

is a resident of the State of Washington.  To the extent that this paragraph contains further allegations, those allegations are denied.

23.    This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same.

## III.    JURISDICTION & VENUE

24. Defendants admit only that 28 U.S.C. § 1331 speaks for itself. To the extent Plaintiffs have not stated a claim or that their claims are barred by one or more legal doctrines, Defendants deny that jurisdiction is proper.

25. Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

## IV.    STATEMENT OF FACTS

26.    Admitted to the extent that M.S. was born to Bethany Smith on June 9, 2018.  To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form an opinion as to their veracity and therefor deny the same.

27.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

28.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

AMENDED ANSWER TO COMPLAINT - 5
10850-0059  6151292
NO. 2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

29.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

30.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

31.    Admitted to the extent that Bethany Smith obtained a Temporary Order for Protection restraining Plaintiff Le'Taxione from having contact with Ms. Smith and M.S. on July 21, 2020, in Spokane County Cause Number 20-2-01973-32.  Admitted also to the extent that the court denied a full protective order on August 3, 2020, and the Temporary Order for Protection was rescinded that same say.  To the extent that this paragraph contains further allegations, those allegations are denied.

32.    Admitted.

33.    Admitted to the extent that M.S. and her older sister J.S.  were removed from Bethany Smith's custody on  July 21, 2020. To the extent this paragraph contains further allegations, those allegations are denied.

34.    Admitted to the extent that M.S. and her older sister J.S.  were removed from Bethany Smith's custody on  July 21, 2020. To the extent this paragraph contains further allegations, those allegations are denied.

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

35.     Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

36.     Admitted to the extent that M.S. was placed in the home of Chastity Hittinger on July 21, 2020.  Defendant lacks sufficient information to form a belief as to the veracity of the remainder of the allegations in this paragraph, and therefore denies the same.

37.     Admitted.

38.     Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

39.     Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

40,     Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

41.     Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

42.     Defendants admit to the extent that another Temporary Order for Protection was entered against Plaintiff Le'Taxione on January 11, 2021, in Spokane County Cause Number 21-2-00069-32.  Admitted also to the extent

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

that the order listed M.S. as a protected party. To the extent this paragraph contains further allegations, those allegations are denied.

43.    Admitted.

44.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

45.    Admitted to the extent that Commissioner Anthony Rugel granted Plaintiff Le'taxione's motion to terminate the Order for Protection in Spokane County Cause Number 21-2-00069-32. To the extent this paragraph contains further allegations, those allegations are denied.

46.    Admitted to the extent that Defendant Hennessey attended the July 15, 2021 hearing via Zoom. Admitted also to the extent that Commissioner Anthony Rugle terminated the Order for Protection, and he denied Mr. Le'taxione's Motion to Reinstate Visits, setting review for 30 days. Defendants lack sufficient information to form a belief as to the veracity of the remainder of the allegations in this paragraph, and therefore deny the same.

47.    This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

48.     Admitted to the extent that on July 15, 2021, Commissioner Anthony Rugel orally ruled that Mr. Le'taxione's visits with M.S. were suspended for 30 days. To the extent this paragraph contains further allegations, those allegations are denied.

49.     This paragraph contains a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the same.

50.     Denied.

51.     Admitted.

52.     Admitted to the extent that Commissioner Rugel, who presided over the dependency review hearings, was the Commissioner who terminated the Order for Protection. To the extent this paragraph contains further allegations, those allegations are denied.

53.     Denied.

54.     Admitted to the extent that any communications between Defendant Hennessey and DCYF social workers regarding this case would fall under attorney-client privilege. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form a belief as to the veracity of those allegations, and therefore deny the same.

AMENDED ANSWER TO COMPLAINT - 9
10850-0059  6151292
NO. 2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

55.    Admitted to the extent that any communications between Defendant Hennessey and DCYF social workers regarding this case would fall under attorney-client privilege. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form a belief as to the veracity of those allegations, and therefore deny the same.

56.    Admitted to the extent that any communications between Defendant Hennessey and DCYF social workers regarding this case would fall under attorney-client privilege. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form a belief as to the veracity of those allegations, and therefore deny the same.

57.    Admitted to the extent that any communications between Defendant Hennessey and DCYF social workers regarding this case would fall under attorney-client privilege. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form a belief as to the veracity of those allegations, and therefore deny the same.

58.    Admitted to the extent that any communications between Defendant Hennessey and DCYF social workers regarding this case would fall under attorney-client privilege. To the extent that this paragraph contains

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

further allegations, Defendants lack sufficient information to form a belief as to the veracity of those allegations, and therefore deny the same.

59.    Admitted.

60.    Admitted to the extent that The Office of the Attorney General did not request that Defendant Hennessey prepare any case transfer information as part of his transfer.    Also admitted to the extent that at the time of Defendant Hennessey's transfer, it was unknown which Assistant Attorney General would be taking over Defendant Hennessey's cases.  To the extent this paragraph contains further allegations, those allegations are denied.

61.    Admitted to the extent that any communications between Defendant Hennessey and DCYF social workers regarding this case would fall under attorney-client privilege. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form a belief as to the veracity of those allegations, and therefore deny the same.

62.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

63.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

64.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

65.    Denied.

66.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

67.    Admitted to the extent that Plaintiff was not present for any of the review hearings due to incarceration.  To the extent  that this paragraph contains further allegations, those allegations are denied.

68.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

69.    Denied.

70.    Admitted to the extent that Plaintiff Le'taxione was represented by counsel during this period, and Plaintiff's attorney would have received notifications regarding the dependency hearings.  To the extent that this paragraph contains further allegations, those allegations are denied.

71.    Admitted to the extent that Plaintiff Le'taxione was represented by counsel during this period, and Plaintiff's attorney would have received notifications regarding the dependency hearings.  To the extent that this paragraph contains further allegations, those allegations are denied.

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

72.    Admitted to the extent that Plaintiff was not present for any of the review hearings due to incarceration.  To the extent  that this paragraph contains further allegations, those allegations are denied.

73.    The allegations in this paragraph are not directed at Defendants, and thus no response is required.  To the extent a response is required, those allegations are denied.

74. The allegations in this paragraph are not directed at Defendants, and thus no response is required.  To the extent a response is required, those allegations are denied.

75.    The allegations in this paragraph are not directed at Defendants, and thus no response is required.  To the extent a response is required, those allegations are denied.

76.    The allegations in this paragraph are not directed at Defendants, and thus no response is required.  To the extent a response is required, those allegations are denied.

77.    This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the same.

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

78.    Admitted to the extent that Local Juvenile Court Rule 3.9 speaks for itself.  To the extent this paragraph contains further allegations, those allegations are denied.

79.    Admitted to the extent that Local Juvenile Court Rule 3.9 speaks for itself.  To the extent this paragraph contains further allegations, those allegations are denied.

80.    Admitted to the extent that Local Juvenile Court Rule 3.9 speaks for itself.  To the extent this paragraph contains further allegations, those allegations are denied.

81.    Denied.

82.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

83.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

84.    This paragraph contains a legal conclusion to which to response is required.  To the extent that a response is required, Defendants deny the same.

85.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

86    Defendants admit to the extent that Defendant Hennessey transmitted a proposed order suspending visitation on July 15, 2021, which counsel for Plaintiff Le'taxione approved via electronic signature. Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

87.    Admitted to the extent that at some point AAG Section Chief Lydon informed Defendant Christopherson that the no contact order between Plaintiff Le'taxione and M.S. had expired or had been dismissed. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form an opinion as to the veracity of those allegations, and therefore deny the same.

88.    Admitted to the extent that at some point AAG Section Chief Lydon informed Defendant Christopherson that the no contact order between Plaintiff Le'taxione and M.S. had expired or had been dismissed. To the extent that this paragraph contains further allegations, Defendants lack sufficient information to form an opinion as to the veracity of those allegations, and therefore deny the same.

89.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

90.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

91.    Denied.

92.    This paragraph contains a legal conclusion to which no response is required.  To the extent that a response is required, Defendants deny the same.

93.    The allegations in this paragraph are not directed at Defendants and therefore no response is required.  To the extent that a response is required, Defendants deny the same.

94.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

95.    Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

96.    The allegations in this paragraph are not directed at Defendants and therefore no response is required.  To the extent that a response is required, Defendants deny the same.

97.    Defendants admit to the extent that the Court's August 11, 2023 order speaks for itself.  To the extent that this paragraph contains further allegations, those allegations are denied.

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

98.    Defendants admit to the extent that the Court's August 11, 2023 order speaks for itself.   To the extent that this paragraph contains further allegations, those allegations are denied.

99.    The allegations in this paragraph are not directed at Defendants and therefore no response is required.   To the extent that a response is required, Defendants deny the same.

100.   Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

101.   Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

102.   The allegations in this paragraph are not directed at Defendants and therefore no response is required.   To the extent that a response is required, Defendants deny the same.

103.   Admitted to the extent that Plaintiff Le'taxione filed a grievance against Defendant Hennessey. Admitted also to the extent that the Washington State bar Association investigated Plaintiff Le'taxione's grievance.

104.   Admitted to the extent that the Washington State Bar Association did not make any formal findings related to Defendant Hennessey's conduct.

AMENDED ANSWER TO COMPLAINT - 17
10850-0059  6151292
NO.  2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1    To the extent this paragraph contains further allegations, those allegations

2    are denied.

3        105.  Admitted to the extent that on August 7, 2025, the Washington

4
     State Bar Association Office of Disciplinary Counsel recommended the
5
     matter to the Washington State Bar Association Review Committee to
6

7    determine whether a disciplinary hearing was required.  Admitted also to the

8    extent that the Washington State Bar Association did not make any formal

9
     findings related to Defendant Hennessey's conduct.  To the extent this
10

11   paragraph contains further allegations, those allegations are denied.

12       106. The allegations in this paragraph are not directed at Defendants

13
     and therefore no response is required.  To the extent that a response is
14

15   required, Defendants deny the same

16
         107.  The allegations in this paragraph are not directed at Defendants
17

18   and therefore no response is required.  To the extent that a response is

19   required, Defendants deny the same

20
         108.  This paragraph contains a legal conclusion to which no response
21

22   is required. To the extent that a response is required, Defendants deny the

23   same.

24

25

AMENDED ANSWER TO COMPLAINT - 18
10850-0059  6151292
NO. 2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

109.   This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the same.

110.   This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the same.

111.   This paragraph contains a legal conclusion to which no response is required. To the extent that a response is required, Defendants deny the same.

112.   The allegations in this paragraph are not directed at Defendants and therefore no response is required.   To the extent that a response is required, Defendants deny the same.

113.   The allegations in this paragraph are not directed at Defendants and therefore no response is required.   To the extent that a response is required, Defendants deny the same

## V.    CAUSE OF ACTION: VIOLATIONS OF 42 U.S.C. § 1983

114. This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack

sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

115. This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

1I6.   Defendants admit that Defendant Hennessey was acting as an agent of the State of Washington at the relevant times.  To the extent this paragraph contains further allegations, Defendants deny the same.

117. This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

118. This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

AMENDED ANSWER TO COMPLAINT - 20
10850-0059  6151292
NO.  2:25-cv-00452

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

119.  Defendants admit that Defendant Christopherson was acting as an agent of the State of Washington at the relevant times.  To the extent this paragraph contains further allegations, Defendants deny the same.

120.  This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

121.  This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

122.  Defendants admit that Defendant Vidoni was acting as an agent of the State of Washington at the relevant times.  To the extent this paragraph contains further allegations, Defendants deny the same.

123.  This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

124. This paragraph contains a legal conclusion for which no response is required. To the extent a response is required, Defendants lack sufficient information to form a belief as to the veracity of the allegations in this paragraph, and therefore deny the same.

## VI.   JURY DEMAND

Plaintiffs' allegation in this paragraph is not directed at the Defendants, and therefore no response is required. To the extent a response is required, Defendants reassert any objections and responses, and deny any further allegations for lack of information.

## VII.   PRAYER FOR RELIEF

Plaintiffs' allegation in this paragraph is not directed at the Defendants, and therefore no response is required. To the extent a response is required, Defendants reassert any objections and responses, and deny any further allegations for lack of information.

## VIII.  RESERVATION OF RIGHTS

Plaintiffs' allegation in this paragraph is not directed at the Defendants, and therefore no response is required. To the extent a response is required, Defendants reassert any objections and responses, and deny any further allegations for lack of information.

AMENDED ANSWER TO COMPLAINT - 22
10850-0059  6151292
NO. 2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

## IX.    JURY DEMAND

Plaintiffs' allegation in Paragraph 62 is not directed at the Defendants, and therefore no response is required.

## X.    PRAYER FOR RELIEF

Plaintiffs' allegations regarding the relief sought in this paragraph do not require a response.  To the extent a response is required, the Defendants deny the same.

## DEFENDANTS' AFFIRMATIVE DEFENSES

BY WAY OF FURTHER ANSWER and without waiving any allegations previously denied and without conceding it has the burden of proof as to any of the stated defenses, the Defendants assert the following affirmative defenses, which will be amended or deleted as information becomes available through the discovery process:

1.    The Complaint fails to state a claim against Defendants upon which relief can be granted.

2.    Defendants acted in good faith and otherwise breached no obligation to Plaintiffs.

3.    Plaintiffs' claims are barred against Defendant because the alleged acts or omissions thereof did not proximately cause any damages.

AMENDED ANSWER TO COMPLAINT - 23
10850-0059  6151292
NO.  2:25-cv-00452

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

Plaintiffs' damages, if any, were the result of preceding, superseding, intervening, and/or unforeseen causes outside of Defendants' control.

4.    Defendants are entitled to either absolute or qualified immunity from all claims. All actions taken by Defendants relevant to this case were taken within the course and scope of their representation of DCYF as DCYF's attorney.

5.    If Plaintiffs were injured or damaged as alleged in the Complaint, or in any manner whatsoever, any injuries or damages were wholly or proximately caused by the negligence, fault, or wrongful conduct of persons or entities over whom Defendants exercised no control, and for whose conduct Defendants had no responsibility for at the time of Plaintiffs' alleged injury and to which the fact finder should allocate fault in accordance with RCW 4.22.070. Such entities may include but are not limited to Phoenix Protective Corporation and or DCYF.

6.    Plaintiffs failed to mitigate, or reasonably attempt to mitigate, any damages.

7.    To the extent any alleged damages which Plaintiffs may have sustained has been subject to compensation by collateral sources, any

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

1    recovery to which Plaintiffs might otherwise be entitled must be accordingly

2    barred or reduced thereby.

3        8.    Plaintiffs' damages, if any, were caused by an independent,

4    superseding cause. There is no causation between the acts alleged against

5
6    Defendants and the damages claimed to have been sustained by Plaintiffs.

7        9.    Plaintiff's damages, if any, must be separate and distinct from

8
9    any damage caused by the intentional conduct of others. When the identity

10    of those individuals who may have caused damages through their intentional

11    conduct are known, this defense will be updated through the discovery

12
13    process.

14        10.    Defendants are entitled to an allocation of fault according to the

15    determination of proportionate share of entities or individuals allegedly

16
17    causing damages sought by Plaintiffs.

18        11.    Plaintiffs' claims are barred to the extent statute(s) of limitations

19    and/or similar contractual limitations apply to some or all of their claims.

20                    **RESERVATION**

21
22        Without waiving any affirmative defenses or claims, the Defendants

23    reserve the right to amend this Answer and add additional affirmative

24
25

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON  98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

defenses, cross claims, third-party claims, and additional parties as investigation and discovery requires.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE having fully answered the allegations contained in Plaintiffs' Complaint for Damages, the Defendants pray for the following relief:

1.     That Plaintiffs' Complaint be dismissed with prejudice;

2.     That any Judgment against the Defendants be reduced by Plaintiffs' fault and/or the fault of other persons or entities;

3.     That the Defendants be awarded their attorneys' fees and costs incurred in defending against this action; and

4.     Such other and further relief as this Court deems just and equitable.

DATED this 22nd day of December, 2025.

PREG O'DONNELL & GILLETT PLLC


By s/ Kesley Norman
     Emma Gillespie, WSBA #33255
     Kelsey Norman, WSBA #50325
     401 Union Street, Suite 1900
     Seattle, Washington 98101
     egillespie@pregodonnell.com
     knorman@pregodonnell.com
Attorneys for Defendants Katie Christopherson, Taylor Hennessey, and Dawn Vidoni

AMENDED ANSWER TO COMPLAINT - 26
10850-0059 6151292
NO. 2:25-cv-00452

PREG O'DONNELL & GILLETT PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113

**DECLARATION OF SERVICE**

I hereby declare that on December 22, 2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send copies of this document to via CM/EFC to all counsel of record.

_/s/_Kelsey Norman
Kelsey Norman, WSBA #50325

**PREG O'DONNELL & GILLETT** PLLC
401 UNION STREET, SUITE 1900
SEATTLE, WASHINGTON 98101-2668
TELEPHONE: (206) 287-1775 • FACSIMILE: (206) 287-9113