FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 16, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LE'TAXIONE NFN, an individual and LE'TAXIONE NFN, on behalf of M.S., a minor,

Plaintiff,

vs.

KATIE CHRISTOPHERSON, individually and in her official capacity acting under color of State law; TAYLOR HENNESSEY, individually and in his official capacity acting under color of State law; and DAWN VIDONI, individually and in her official capacity acting under color of State law,

Defendants.

No. 2:25-CV-00452-MKD

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DISMISSING CASE

**ECF Nos. 30, 37, 41, 49, 50, 60, 62, 64, 65, 71, 85, 87, 91, 92**

Before the Court are Defendants' Motion to Dismiss, ECF No. 37, and Plaintiffs' Motion for Summary Judgment, ECF No. 30. The Court has considered the briefing, reviewed the record, and is fully informed. For the following reasons, the Court grants Defendants' Motion to Dismiss and denies Plaintiffs' Motion for Summary Judgment as moot.

## BACKGROUND

Plaintiff M.S. is the child of Bethany Smith and Plaintiff Le'taxione. ECF No. 1 at 4. Plaintiffs allege that in July 2020, Smith obtained a no-contact order against Le'taxione that precluded him from visiting M.S. *Id.* During this time, the Department of Children, Youth & Families ("DCYF") removed M.S. from Smith's home and placed her with a relative. *Id.* at 5. In August 2020, the no-contact order was terminated and in November 2020, the court granted Le'taxione visitation rights with M.S. twice a week. *Id.*

In December 2020, Le'taxione was arrested for an incident unrelated to Smith or M.S. *Id.* In January 2021, Smith obtained another no-contact order that precluded Le'taxione from visiting M.S. *Id.* In June 2021, Smith passed away in a motorcycle accident, leaving Le'taxione as M.S.'s only living parent. *Id.*

In July 2021, while Le'taxione remained incarcerated, the no-contact order expired. *Id.* Plaintiffs allege that Defendant Hennessey, who was the Assistant Attorney General ("AAG") assigned to the case, attended the hearing where the no-contact order was terminated. *Id.* at 6. After the no-contact order was terminated, dependency review hearings were held in October 2021, March 2022, August 2022, and December 2022. *Id.* at 5. At each hearing, the attending AAG failed to inform the court that the January 2021 no-contact order was terminated in July 2021. *Id.* at 6. Plaintiffs allege that Defendants' misrepresentation to the

court during these hearings denied Le'taxione visitation with M.S. *Id.*

Plaintiffs allege that in October 2021, a DCYF social worker asked Defendant Hennessey for clarification on whether an order suspending visitation still existed. *Id.* at 7. Defendant Hennessey responded in December 2021 that he would look into it. *Id.* In January 2022, Defendant Hennessey transferred to another division without providing the requested information. *Id.* Plaintiffs allege that Defendant Hennessey failed to enter orders relating to the July 2021 and October 2021 hearings, which created confusion about visitation rights. *Id.* at 8. After Defendant Hennessey transferred, Defendants Vidoni and Christopherson attended the dependency review hearings. *Id.* Defendants Vidoni and Christopherson submitted "reports to the Court with the same false information in multiple hearings." *Id.*

In March 2023, the AAG Section Chief notified Defendant Christopherson that "her previous court filings made false statements to the Court." *Id.* at 10. Two weeks later, the AAG Section Chief notified the court about the false statements in previous filings.

Plaintiffs bring a claim under 42 U.S.C. § 1983 against Defendants Hennessey, Vidoni, and Christopherson. *Id.* at 13. Defendants move to dismiss for failure to state a claim. ECF No. 37. Plaintiffs move for partial summary judgment. ECF No. 30.

## LEGAL STANDARD

"To survive a [Fed. R. Civ. P. 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. In considering a motion to dismiss for failure to state a claim, the Court must accept as true the well-pleaded factual allegations and any reasonable inference to be drawn from them, but legal conclusions are not entitled to the same assumption of truth. *Id*. A complaint must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory. *Twombly*, 550 U.S. at 562. "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555.

## DISCUSSION

Defendants move to dismiss Plaintiffs' complaint asserting that Defendants are entitled to absolute immunity. ECF No. 37 at 2. For the reasons set forth below, the Court finds that Defendants are entitled to absolute immunity and therefore the Court does not reach the merits of Plaintiffs' motion for summary judgment.

*1. Motion to Strike*

As an initial matter, Plaintiffs argue that Defendants' motion to dismiss "should be converted to a motion for summary judgment under Rule 56" because Defendants ask the Court to consider evidence outside the pleadings by attaching exhibits to the motion. ECF No. 47 at 7. Relatedly, Plaintiffs move to strike the documents, arguing that they were not produced in discovery. ECF No. 41.

When considering a motion to dismiss, "[r]eview is limited to the complaint; evidence outside the pleadings cannot normally be considered in deciding a 12(b)(6) motion." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). "A court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Fed R. Civ. P. 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." However, "[w]hether to convert a Rule 12(b)(6) motion into one for summary judgment pursuant to Rule 12(d) is at the discretion of the district court." *Barnes v. Sea Hawai'i Rafting, LLC*, 493 F. Supp. 3d 972, 976 (D. Haw. 2020) (quoting *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 968 (N.D. Cal. 2015)),

*aff'd sub nom. Barnes v. Kris Henry, Inc.*, 2022 WL 501582 (9th Cir. Feb. 18, 2022).

"The central question in determining whether to convert a Rule 12 motion into one for summary judgment is whether the proffered materials and additional procedures required by Rule 56 will facilitate disposition of the action or whether the court can base its decision upon the face of the pleadings." *United States v. Walker River Irrigation Dist.*, 473 F. Supp. 3d 1150, 1154 (D. Nev. 2020) (simplified).

The Court exercises its discretion and declines to convert the motion to dismiss to a motion for summary judgment. The Court finds the motion can be decided considering only the complaint under the proper Fed. R. Civ. P. 12(b)(6) standard. Because the Court declines to consider the documents for purposes of Defendants' motion to dismiss and does not reach the merits of Plaintiffs' motion for summary judgment, the Court denies Plaintiffs' motion to strike as moot.

*2. Absolute Immunity*

Defendants argue that they are entitled to absolute immunity because they were performing the duties and functions of an AAG during the hearings referenced by Plaintiffs in the Complaint. ECF No. 37 at 2. Plaintiffs argue that absolute immunity does not apply because Defendants presented misrepresentations to the Court. ECF No. 47 at 10.

"[A]bsolute immunity extends to agency officials performing certain functions analogous to those of a prosecutor." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015). "Immunity attaches to the nature of the function performed, not the identity of the actor who performed it." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc) (simplified). "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body." *Id.* at 913 (simplified).

Defendants concede that they are not prosecutors or judges but assert that in their roles as AAGs they work as advocates for the State of Washington and DCYF in judicial proceedings. ECF No. 37 at 12. Absolute immunity protects government attorneys performing acts "intimately associated with the judicial phase" of litigation. *Fry v. Melaragno*, 939 F.2d 832, 838 (9th Cir. 1991) (extending absolute immunity to alleged "misrepresentations and mischaracterizations in briefs and other court filings"). Absolute immunity is also available to social workers "if the social worker's activity or function was part and parcel of presenting the state's case as a generic advocate." *Cox v. Dep't of Social and Health Services*, 913 F.3d 831, 837 (9th Cir. 2019) (cleaned up). Accordingly, "[a]n assistant attorney general acting as legal counsel for the Department of Children, Youth and Families in child dependency proceedings performs

quasiprosecutorial functions and is entitled to immunity for actions in connection with initiating and pursuing child dependency proceedings." *Zayas v. Walton*, 2022 WL 1468997, at *4 (W.D. Wash. May 10, 2022). The Court finds that Defendants' role as AAGs is more analogous to that of a prosecutor than that of a social worker because Defendants act as an advocate for the State and their actions are intimately associated with the judicial process.

Plaintiffs do not contend that Defendants are not eligible for absolute immunity as AAGs. Rather, they argue that Defendants' actions do not fall within the realm covered by absolute immunity. ECF No. 47 at 7-10. "[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." *Kalina v. Fletcher*, 522 U.S. 118, 126 (1997) (simplified). However, officials are not entitled to absolute immunity when "they perform investigatory or administrative functions, or are essentially functioning as police officers or detectives." *Waggy v. Spokane Cnty. Wash.*, 594 F.3d 707, 710-11 (9th Cir. 2010).

Plaintiffs allege that at four different hearings, Defendants misrepresented to the Court that a no-contact order was still in place which prevented visitation. Plaintiffs compare the facts of this case to several cases where absolute immunity was not afforded to social workers. Specifically, Plaintiffs rely on *Rieman v.*

*Vazquez* and *Beltran v. Santa Clara Cnty.* to assert that "[a]bsolute immunity does not extend to making false statements." ECF No. 47 at 8.

In *Beltran*, social workers filed a child dependency petition signed under penalty of perjury that "included a three-page statement of facts describing the findings of [the social worker's] investigation." 514 F.3d 906, 908 (9th Cir. 2008) (en banc) (per curiam). Plaintiffs alleged that the social workers "fabricated much of the information in the three-page statement of facts." *Id.* The Ninth Circuit held that the social workers were not entitled to absolute immunity because "[social workers] are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." *Id.* The court compared the holding to a prosecutor who "doesn't have absolute immunity if he fabricates evidence during a preliminary investigation, before he could properly claim to be acting as an advocate . . . or makes false statements in a sworn affidavit in support of an application for an arrest warrant." *Id.* In *Rieman*, the Ninth Circuit denied absolute immunity to social workers for "providing false information to the Juvenile Court and failing to give notice of the hearing." 96 F.4th 1085, 1091 (9th Cir. 2024). These cases are distinguishable from the alleged facts of this case. Plaintiffs do not allege that Defendants fabricated evidence

during an investigation, made false statements in support of a dependency petition, or failed to provide mandatory notice of a hearing. ECF No. 1. Instead, Plaintiffs allege that Defendants misrepresented the status of the no-contact order while presenting the state's position at dependency review hearings. *Id.* The Supreme Court has acknowledged the "absolute immunity of prosecutors and other attorneys for eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993); *cf. Burns v. Reed*, 500 U.S. 478, 491-92 (1991) (applying absolute immunity to a prosecutor's appearance in court and presentation of evidence in support of an application for a search warrant). Therefore, even accepting as true that Defendants made false statements during dependency review hearings, Defendants are entitled to absolute immunity. *See Medicraft v. Washington*, 2022 WL 5133639, at *5 (W.D. Wash. Oct. 5, 2022) (holding that an AAG was entitled to absolute immunity for preparing and submitting social workers' declarations in dependency proceedings, even assuming the declarations contained "willfully fabricated evidence"). As a result, Defendants' motion to dismiss is granted.

Accordingly, **IT IS ORDERED:**

1. Defendants' Motion to Dismiss Complaint, **ECF No. 37,** is **GRANTED**.

2. Plaintiffs' Motion for Partial Summary Judgment, **ECF No. 30**, Plaintiffs' Motion to Exclude Defense Experts, **ECF No. 49**, Plaintiffs' Motion to Strike, **ECF No. 41**, Plaintiffs' Motion to Compel and for Discovery Sanctions, **ECF No. 50**, Plaintiffs' Motion to Exclude Defendants' Experts Under *Daubert*, **ECF No. 64**, Plaintiffs' Motion to Enforce Court Order, **ECF No. 65**, Plaintiffs' Motion for Leave of Court to File Supplemental Brief, **ECF No. 71**, Plaintiffs' Motion in Limine, **ECF No. 87**, Defendants' Motion to Exclude Plaintiffs' Expert Jane Ramon, **ECF No. 62**, Defendants' Motion to Extend Discovery Cutoff, **ECF No. 60**, Defendants' Motion to Compel the Depositions of Plaintiffs and Plaintiffs' Experts, **ECF No. 85**, Defendants' Motion in Limine, **ECF No. 91**, and Defendants' Motion to Continue Trial, **ECF No 92**, are **DENIED as moot**.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order, **enter judgment for Defendants**, provide copies to counsel, and **CLOSE THE FILE**.

DATED November 16, 2026.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE